BRISTER *v.* STATE.*

(Division B.   Oct. 11, 1926.)

[109 So. 728.   No. 25948.]

1.   HOMICIDE.
    No element of manslaughter appearing in the evidence, refusal of
        manslaughter instruction is not error.

2.   HOMICIDE.
    Fixing penalty for murder at life imprisonment instead of death
        is in jury's discretion.

*Corpus Juris-Cyc References:   Homicide, 30CJ, p. 414, n. 79; p.
455, n. 74.

APPEAL from circuit court of Pike county.

HON. E. J. SIMMONS, Judge.

Marshall Brister was convicted of murder, and ap-
peals. Affirmed.

143 Miss.—44.

*Forrest B. Jackson* and *J. S. McGuire,* for appellant.

I. There was no evidence *aliunde* the alleged confession that connects the defendant with the crime. It has been held uniformly by the court in Mississippi that there must be some evidence outside of the confession of the defendant before a verdict of guilty will be allowed. See *Stringfellow* v. *State,* 26 Miss. 157, 59 Am. Dec. 247; *Pitts* v. *State,* 43 Miss. 482.

II. The court erred in granting instruction No. 1 for the state. The instruction in question virtually states that the jury must find the defendant guilty of murder or nothing. In other words, this instruction fails to take into consideration a verdict of manslaughter.

There was evidence in the alleged confession which the court admitted in evidence, showing some testimony that would have supported a verdict of manslaughter had the jury desired to bring a verdict of manslaughter and had the jury been properly instructed by the court as to evidence that would support a verdict of manslaughter. *Allen* v. *State* (Miss.), 104 So. 353; *Johnson* v. *State,* 75 Miss. 635, 23 So. 579; 4 Blackstone, p. 191; section 968, Hemingway's Code (section 1238, Code of 1906).

III. The court erred in refusing to grant the instruction that under the evidence in this case, the defendant could be found guilty of manslaughter. In *Allen* v. *State,* 104 So. 353, previously cited, neither side asked for an instruction that the jury might find the defendant guilty of manslaughter; but in this case the appellant specifically requested an instruction that, under the evidence as a whole, the jury might find the defendant guilty of manslaughter.

IV. The *corpus delicti* was not proved so the alleged confessions were wrongfully admitted. Upon a first glimpse of the evidence in this case, it will appear that

the *corpus delicti* has been established in that the body of George Vincent was found dead with several wounds on the head. *Walker* v. *State,* 105 So. 497. But we submit that the evidence does not reveal that George Vincent was struck by any blunt instrument in the hand of any human being, nor is it the opinion of the doctor in his testimony that such was the case. *Pitts* v. *State,* 43 Miss. 472; *Robinson* v. *State,* 12 Miss. 592; *State* v. *Scott,* 39 Mo. 424; also 4 Minn. 368; and *Stringfellow* v. *State,* 26 Miss. 157, and 165.

The case of *Pitts* v. *State, supra,* was reversed on the ground that from the evidence it was just as reasonable to suppose that the deceased came to his death from natural causes as from the effect of poison. In the case before the court under the evidence as it is found in the record, it is just as reasonable to suppose that the wounds on the head of George Vincent were self-inflicted as to suppose that they were inflicted by another person. See, also, *State* v. *Williams,* 78 Am. Dec. (N. C.) Note 3, p. 254, and the authorities there cited; also 7 R. C. L.. p. 773.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

I. *The corpus delicti was proved independent of the confession. Heard* v. *State,* 59 Miss. 543; *Patterson* v. *State,* 127 Miss. 256; *Walker* v. *State,* 140 Miss. 238, 105 So. 497.

When we consider the facts in this case with the above decisions in our mind, we can reach no conclusion other than that the *corpus delicti* has been sufficiently established. The dead body was found in this vacant house, so the only question which we have to consider is whether the death of this negro was the result of a criminal agency. The testimony of the witnesses showed that there were three wounds on the head of the dead negro; that two of them were on the back of the head and one

on the side; that each of these wounds showed a fracture of the skull; that the two wounds in the back of the head had been caused by blows sufficiently severe to occasion concussions, and that the one on the side of the head was severe enough to have caused death in a very short while. The testimony showed that this wound on the side of the head was about as wide as three fingers and had crushed his brain. Dr. Briggs, the attending physician, gave it as his opinion that these wounds were inflicted by some blunt instrument. The blood spattered over the wall for an area of three or four feet in width and five or six feet in height, together with the fact that blood was found in no other part of the room, indicated that the victim was killed on the spot where he was found and that he was not moved either to or from that spot. The record fails to show that there was any instrument in the room with which these wounds could have been inflicted and the natural inference is that the party inflicting the wounds had taken the weapon with him when he left the house. To argue that these wounds could have been self-inflicted or that they were inflicted accidentally would be preposterous.

II. Counsel argue that the court was in error in refusing the instruction requested by defendant to the effect that the jury might find the defendant guilty of manslaughter. It is too well settled for argument that the court is not required to give an instruction on manslaughter unless there is evidence which would justify a verdict of manslaughter. *Walker* v. *State,* 140 Miss. 328, 105 So. 497.

The only question then is whether there is such evidence as would support a verdict of manslaughter. After carefully reading this record, we are unable to see that any of the elements of manslaughter are present.

The trial court was correct in refusing this instruction.

Argued orally by *F. B. Jackson* and *J. S. McGuire,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for the state.

HOLDEN, P. J., delivered the opinion of the court.

Marshal Brister appeals from a conviction of murder and sentence to the penitentiary for life.

We have carefully reviewed the testimony supporting the conviction, and think the jury was well warranted in finding appellant guilty. The record discloses the commission of a very brutal murder, and, no doubt, the jury would have fixed a death sentence instead of life imprisonment had it not been inclined to show mercy in the case.

The grounds urged by appellant for reversal have been fully considered, and we do not think there is any reversible error in the record. The *corpus delicti* was sufficiently proven by the state, and the confession of appellant to Mr. Varnado at the jail was clearly admissible in evidence.

There was no error in refusing a manslaughter instruction because no element of manslaughter appears from the evidence introduced in the case. We also think the court made no error in refusing the other instructions asked by appellant; nor do we find error in the record as to admission of testimony by the court.

Reviewing the record as a whole, we are convinced no harmful error was committed in the trial, and that appellant had a fair and impartial trial, and has no good, legal ground for complaint.

The jury acted within its discretion in fixing the penalty at life imprisonment instead of death. The leniency shown may possibly have been due to the able and persuasive argument of counsel in behalf of their client, but we are not concerned with the action of the jury in this regard.

The judgment of the lower court is affirmed.

*Affirmed.*